UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES D. HILLS,

                         Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                             14-CV-0328S
LIBERTY MUTUAL INSURANCE et al.

                         Defendants.


## I. INTRODUCTION

The present action stems from alleged improprieties by Defendants during discovery in a separate personal injury lawsuit being prosecuted in New York State Supreme Court, Erie County. The Second Amended Complaint asserts claims under the Privacy Act of 1974, 5 U.S.C. § 552a; Title 18, the federal criminal code; the Health Insurance Portability and Accountability Act of 1996("H.I.P.P.A."), 42 U.S.C. § 1320d; and 42 U.S.C. § 1983.  Plaintiff also asserts state law claims of negligence and unjust enrichment. Presently before this Court are Defendants' motions to dismiss the Second Amended Complaint.  The Court finds the motions fully briefed and oral argument unnecessary. For the reasons that follow, Defendants' motions are granted and the Second Amended Complaint is dismissed.

## II. DISCUSSION

Defendants contend that the Second Amended Complaint must be dismissed because this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) over several of Plaintiff's claims based on statutory violations, and

because Plaintiff has failed to otherwise state a claim for which relief can be granted. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6), a court must accept all factual allegations in the complaint as true and make all reasonable inferences in a plaintiffs' favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Further, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.' " Triestman v. Federal Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)). This leniency, however, does not relieve a *pro se* plaintiff of the duty to satisfy basic pleading

requirements.  <u>Vega v. Artus</u>, 610 F. Supp. 2d 185, 196 (N.D.N.Y. 2009) (citing <u>Prezzi v.

Schelter</u>, 469 F.2d 691, 692 (2d Cir. 1972), *cert denied* 411 U.S. 935 (1973)).

## A.    Claims under the Privacy Act

Plaintiff alleges that the Liberty Defendants, the Keais Defendants,[1] and the

Social Security Administration Defendants[2] violated various provisions of the Privacy

Act of 1974.    As stated by Plaintiff, "[t]his [c]laim deals primarily with the Liberty

Defendants accessing the Plaintiff's Social Security file." (Sec Am Compl ¶ 24.)

The Privacy Act was enacted by Congress in response to concerns with the

federal government's accumulation of personal information, and provides rules and

procedures intended to safeguard individual privacy.    <u>Stoianoff v. Comm'r of Motor

Vehicles</u>, 107 F. Supp. 2d 439, 442 (S.D.N.Y. 2000), *aff'd* 12 F. App'x 33 (2d Cir. 2001),

*cert denied* 534 U.S. 954 (2001).   This Act therefore provides a private right of action

against agencies of the United States Government -- and only such agencies -- for

violations of those rules and procedures. <u>See</u> 5 U.S.C. § 552a(g)(1) ("[w]henever any

*agency* " fails to comply with any provision of the statute, "the individual may bring a civil

action against the *agency*" (emphasis added)); <u>see</u> <u>Burch v. Pioneer Credit Recovery,

Inc.</u>, 551 F.3d 122, 124 (2d Cir. 2008) (rejecting argument that contract with federal

government was sufficient to establish third-party corporation should be considered an

agency for purpose of Privacy Act civil claim).   Further, although § 552a(i) references

---

[1] For the purposes of this Decision and Order, the Liberty Defendants, who are collectively represented by the same counsel, include:  Liberty Mutual Insurance, Safeco Insurance, Peerless Insurance, the Law Offices of Destin C. Santacrose, Destin Ciotoli Santacrose, Richard Stephen Poveromo, and Michelle Wissick.  As defined by Plaintiff in the Second Amended Complaint, Defendants Keais Records Service, Inc., R. Newton Ross III, and Lori Hegarty (defined herein as "the Keais Defendants") are also included within the "Liberty Defendants" group, but these Defendants have filed a separate motion to dismiss the complaint.
[2] For the purposes of this Decision and Order, the Social Security Administration includes, in addition to the agency itself, Defendants Heather Boland, John Doe, John Doe II, and Mary Anne Doe.

violations by an agency officer or employee, this subsection defines criminal penalties and does not create a private right of action against individuals, a fact which Plaintiff concedes in his pleading. (Sec Am Compl ¶ 32.)  In the absence of a private right of action against the individual and private corporate Defendants, there is no basis for judicial review and these claims are properly dismissed for lack of subject matter jurisdiction. Shahid v. Brooklyn Legal Servs. Corp., 114 F. App'x 35, 36 (2d Cir. 2004); see Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 54 (2d Cir.1996); Barroga-Hayes v. Susan D. Settenbrino, P.C., No. 10 Civ. 5298, 2012 WL 1118194, *6 (E.D.N.Y. Mar. 30, 2012).

Plaintiff can only potentially state a Privacy Act claim against the Social Security Administration ("SSA").  As this agency argues, Plaintiff has failed to do so. Section 552a(g)(1) provides for an individual's private right of action where, as relevant here, a federal agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual." Thus, "[t]o state a Privacy Act claim a plaintiff must show that: 1) the information at issue is a record contained within a system of records; 2) the agency violated the Act with respect to that record; 3) the disclosure had an adverse effect on the plaintiff; and 4) the violation was willful or intentional." Int'l Union, Sec., Police, and Fire Prof'ls of Am. (SPFPA) v. U.S. Marshal's Serv., 350 F. Supp. 2d 522, 528 (S.D.N.Y. 2004) (mere administrative error is insufficient).

The SSA correctly asserts that Plaintiff's allegations undermine the conclusion that any violation based on disclosure was willful or intentional, a standard which is " 'somewhat greater than gross negligence.' " Tarullo v. Defense Contract Audit Agency,

4

600 F. Supp. 2d 352, 361 (D. Conn. 2009) (quoting <u>Dowd v. I.R.S.</u>, 776 F.2d 1083, 1084 (2d Cir. 1985)).  Plaintiff asserts that the SSA released records beyond the scope of his authorizations because of the intentional actions of the other Defendants, including the illegal altering of authorizations, use of misleading cover letters to obfuscate the limited scope of Plaintiff's consent, and the use of an "unlawful subpoena." (<u>See</u> Sec Am Compl ¶¶ 49-64.)  Accordingly, to the extent, if any, that Plaintiff asserts that SSA employees should have discerned the true limited scope of the consent before disclosing Plaintiff's information, this allegation amounts to at best mere negligence or administrative error, which is insufficient to state a claim under the Privacy Act. <u>Dowd</u>, 776 F.2d at 1084; (<u>see</u> Sec Am Compl ¶ 25 (alleging that "to some extent" the SSA was a " 'victim' of the fraudulent scheme perpetrated by the Liberty Defendants").)

Further, as the SSA argues, although Plaintiff alleges additional violations of the Privacy Act, such as the alleged failure to maintain an accounting of disclosures and the refusal to provide Plaintiff with a certified copy of his SSA records, he has not alleged any adverse effect causally connected to these violations. <u>see</u> <u>Ely v. Department of Justice</u>, 610 F.Supp. 942, 946 (D. Ill. 1985), *aff'd* 792 F.2d 142 (7th Cir. 1986); <u>see also</u> <u>Roberts v. U.S. Dept. of Transp.</u>, No. 02-CV-4414 (CBA), 2006 WL 842401, *7 (E.D.N.Y. Mar. 28, 2006). The adverse effects Plaintiff does allege (the sufficiency of which this Court need not review in light of its other conclusions) stem solely from the disclosure of Plaintiff's records. The Privacy Act claims are therefore dismissed as against all Defendants.

**B.      Claims based on Criminal Statutes**

Plaintiff also asserts several claims against various Defendants based on alleged Title 18 violations, specifically § 1001(a) (false statement or misrepresentation in matter within jurisdiction of federal government), § 1018 (false statement in official certificate or writing), § 1341 (mail fraud), and § 1343 (wire fraud).   Generally, violations of criminal statutes may not serve as the basis for civil remedies unless the specific statute includes an express or implied private right of action. Chrysler Corp. v. Brown, 441 U.S. 281, 316, 99 S. Ct. 1705, 60 L. Ed. 2d 208 (1979); Christian v. Town of Riga, 649 F. Supp. 2d 84, 90 (W.D.N.Y. 2009).   None of the provisions on which Plaintiff relies contain such a basis for finding a private right of action. See Official Publ'ns, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d Cir.1989) (no private right of action for 18 U.S.C. §§ 1341, 1343); Faraldo v. Kessler, No. 08-CV-261 (SJF)(ETB), 2008 WL 216608, *6 (E.D.N.Y. Jan. 23, 2008) (collecting cases holding no private right of action under § 1001); Mousseaux v. U.S. Com'r of Indian Affairs, 806 F. Supp. 1433, 1437 (D.S.D.1992) (no private right of action under § 1018), aff'd in relevant part 28 F.3d 786 (8th Cir. 1994); see generally Guttilla v. City of N.Y., No. 14-CV-156 (JPO), 2015 WL 437405, *11 (S.D.N.Y. Feb. 3, 2015). Plaintiff's Title 18 claims are therefore dismissed for lack of subject matter jurisdiction.  See Barbara, 99 F.3d at 54.

**C.      H.I.P.P.A. Claims**

Plaintiff also alleges violations of 42 U.S.C. § 1320d-6 for the wrongful disclosure of individually identifiable health information.  As Defendants argue, however, H.I.P.A.A. does not provide a private right of action, but limits enforcement to the Secretary of Health and Human Services.    Bruno v. CSX Transp., 262 F.R.D. 131, 134 n. 3

(N.D.N.Y. 2009); Ames v. Group Health Inc., 553 F. Supp. 2d 187, 192 (E.D.N.Y. 2008).

Indeed, this Court informed Plaintiff of this fact in a prior action. Hills v. Praxair, Inc., No.

11-CV-678S, 2012 WL 1935207, *19 (W.D.N.Y. May 29, 2012).

**D.      Plaintiff's § 1983 Claims**

Plaintiff asserts claims against the Liberty Defendants, the Keais Defendants,

and Defendant New York State pursuant to 42 U.S.C. § 1983 for alleged violations of

his constitutional right to due process. (Sec Am Compl ¶¶ 46, 48.)   This section

provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress.

Section 1983 is therefore limited to only those injuries caused by state actors or those

acting under color of state law.  Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d

Cir. 1992), *cert denied*, 506 U.S. 819 (1992).

Plaintiff's claims against New York State itself, however, are barred by the

Eleventh Amendment.  "[A]s a general rule, state governments [and their agencies] may

not be sued in federal court unless they have waived their Eleventh Amendment

immunity," or there has been a valid abrogation of that immunity by Congress.  Woods

v. Rondout Valley Cent. School Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006)

(citing Lapides v. Bd. of Regents, 535 U.S. 613, 618-19, 122 S. Ct. 1640, 152 L. Ed. 2d

806 (2002)); see  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99, 104 S.

Ct. 900, 79 L. Ed. 67 (1984).  No such waiver or abrogation exists here. See Dube v.

State Univ. of N.Y., 900 F.2d 587, 594-95 (2d Cir. 1990), *cert denied* 501 U.S. 1211 (1991).  Further, Plaintiff has not asserted any claims against state officials in their individual capacities, and the State itself is not a person within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 65, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Finally, New York State cannot be held liable "in its supervisory capacity" as alleged in the Second Amended Complaint. (Sec Am Compl ¶ 20); see Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998) (a § 1983 claim cannot be based a theory of *respondeat superior*).

With respect to the Liberty and Keais Defendants, "[a] private actor may be liable under § 1983 only if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Sykes v. Bank of Am., 723 F.3d 399, 406 (2d Cir. 2013) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (internal quotation marks omitted)).  Further, liability may be imposed only for an actor's personal involvement in a constitutional tort, and may not be imposed under a theory of *respondeat superior*.  See Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003). Accordingly, private employers may not be held liable under § 1983 for the constitutional torts of their employees "unless the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.' " Rojas v. Alexander's Dep't Store, 924 F.2d 406, 409 (2d Cir. 1990), *cert denied*, 502 U.S. 809 (1991) (emphasis in original) (quoting Monell v. Dep't of Social Serv. of the City of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)); Meijia v. City of New York, 119 F. Supp. 2d 232, 275 (E.D.N.Y.  2000).

Plaintiff's procedural due process claim is based on the assertion that the state court should not have endorsed subpoenas which, as requested by Defendant Poveromo, failed to conform to New York CPLR § 3122. (Sec Am Compl ¶¶ 91-95.) The Liberty Defendants and the Keais Defendants correctly argue, however, that Plaintiff has not alleged that these Defendants were operating in conjunction with a state official or entity such that they may be held liable for a § 1983 claim. "[T]he mere invocation by defendants of New York's legal procedures does not constitute joint participation so as to satisfy the statutory requirement under § 1983 that there be a state actor." Dahlberg v. Becker, 748 F.2d 85, 93 (2d Cir. 1984), cert denied 470 U.S. 1084 (1985); Barroga-Hayes v. Susan D. Settenbrino, P.C., No. 10 Civ. 5298, 2012 WL 1118194, *8 (E.D.N.Y. Mar. 30, 2012).   Moreover, Plaintiff has not alleged that any Defendant deprived him of notice and an opportunity to be heard on this issue *within the state court proceeding*. "[A] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." Rivera–Powell v. New York City Board. of Elections, 470 F.3d 458, 468 n. 12 (2d Cir.2006).   Because Plaintiff concedes that there are currently related appeals pending before the New York State Appellate Division, this claim is dismissed. (Pl's Mem in Opp'n to Liberty Defs ¶ 7, Docket No. 40.)

**E.    Plaintiff's State Law Claims**

Plaintiff also asserts negligence claims against Defendants Kaleida Health and Healthport LLP, as well as an unjust enrichment claim against the Liberty Defendants.[3] (Sec Am Compl ¶¶ 96-112.)   The claims are based on a subpoena for Plaintiff's medical

---

[3] Although the Second Amended Complaint references a state law fraud claim in paragraph 39, no separate fraud cause of action is developed. (Sec Am Compl ¶¶ 91-112.)

records served on Kaleida and Healthport by Liberty Defendant Poveromo. Plaintiff argues that the subpoena were clearly deficient because New York's civil procedure law requires that a subpoena served on a medical provider for patient records "be accompanied by a written authorization by the patient," and no such authorization was served with the subpoena. See N.Y. C.P.L.R. § 3122(a)(2). Accordingly, Plaintiff contends that Kaleida and Healthport were negligent in turning over his records despite the obvious deficiency and the Liberty Defendants unjustly benefited by receipt of records to which they were not entitled.

As Defendant argue, however, New York's § 3122 requires that a subpoena for patient's records be accompanied by *either* a written authorization from the patient "*or* the court has issued the subpoena or otherwise directed the production of the documents." § 3122(a)(2). Here, the subpoena was signed by the state judge presiding over Plaintiff's personal injury action; therefore any deficiency in the subpoena was not apparent on its face. (Sec Am Compl Ex S.) Plaintiff's challenges to the propriety of the court's approval of that subpoena are better addressed in the state court proceedings. These claims are therefore also dismissed.

**F.     Plaintiff's Motion to Seal**

Due to the inadvertent submission of certain confidential information, Plaintiff requests that this Court seal his original and amended pleadings and grant him leave to file a redacted copy of his Second Amended Complaint. That motion is granted.

### III. CONCLUSION

Defendants have established that dismissal of this matter in its entirety is warranted. With respect to that part of the Second Amended Complaint that was

dismissed for failure to state a claim, generally leave to amend a complaint should be freely given.  See Grullon v. City of New Haven, 720 F.3d 133, 140-41 (2d Cir. 2013).  Here, however, Plaintiff has already amended his complaint twice.  Further, even a liberal reading of the Second Amended Complaint fails to give any indication of a valid claim or issue that is not being or has not been addressed in Plaintiff's state court action.  The Second Amended Complaint is therefore dismissed with prejudice.

## IV. ORDERS

IT HEREBY IS ORDERED that Defendants' motions to dismiss (Docket Nos. 27,[4] 41, 45, 50, 55, 58, and 76) are GRANTED and the Second Amended Complaint is dismissed with prejudice;

FURTHER, that Plaintiff's requests for temporary and permanent injunctive relief (Docket Nos. 23 and 39) are DENIED;

FURTHER, that Plaintiff's motion to seal the initial and amended complaints in this action (Docket No. 38) is GRANTED.  The Clerk of the Court shall seal Docket Nos. 1, 5, and 22; the redacted copy of the Second Amended Complaint filed in Docket No. 38 will now be considered the operative pleading.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: March 17, 2015
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Senior United States District Judge

---

[4] As stated in this Court's June 23, 2014 order (Docket No. 19), the Liberty Defendants' first motion to dismiss (Docket No. 10) was deemed moot upon the subsequent filing of the Second Amended Complaint.